| | |
|---|---|
| 1 | **SINNETT LAW, APC.** |
| 2 | Wayne A. Sinnett (SBN: 302987) |
|   | ws@sinlegal.com |
| 3 | Crystal T. Innabi (SBN: 316434) |
|   | ci@sinlegal.com |
| 4 | 770 L Street, Suite 950 |
| 5 | Sacramento, CA 95814 |
|   | Tel: (619) 752-0703 |
| 6 | Fax: (619) 330-2120 |
| 7 | *Attorneys for Plaintiff* |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLARD TUCKER,** an individual, | **Case No.:** 5:19-CV-00267 |
| | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| Plaintiff, | |
| v. | 1. **THE ELECTRONIC FUND TRANSFERS ACT, 15 U.S.C. § 1693, ET SEQ.;** |
| **JPMORGAN CHASE BANK, N.A.**, | 2. **CALIFORNIA'S UNFAIR PRACTICES ACT, CAL. BUS. & PROF. CODE § 17200, ET SEQ.** |
| Defendant. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act, ("EFTA") to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems. Regulation E carries out the purposes of the EFTA. The primary objective of EFTA and Reg. E is the protection of individual consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1; 12 C.F.R. 1005.1.

2. Plaintiff, WILLARD TUCKER, ("Plaintiff") is a victim of identity theft. An unauthorized and unknown individual debited Plaintiff's bank account with Defendant. Plaintiff immediately disputed the unauthorized debits with Defendant. Yet, Defendant has failed to re-credit Plaintiff's account for any amount of the unauthorized debits in violation of: (i) The Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq.;* and (ii) California's Unfair Competition Law, Bus. & Prof. Code § 17200*, et seq.*

3. Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges any violations by Defendant were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

6. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

7. At all times relevant, Plaintiff was an individual residing within the State of California.

## PARTIES

8. Plaintiff, WILLARD TUCKER, ("Plaintiff") is a natural person who resides in the City of Perris, County of Riverside, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1693a(6), 12 C.F.R. § 205.2, and 12 C.F.R. 1005.2(e) and a "person" as that term is defined by Cal. Bus. & Prof. Code § 17201.

9. Defendant, JPMORGAN CHASE BANK, N.A. ("CHASE"), is national banking association, organized and existing under the laws of the State of New York with a principal place of business located in New York, NY.

10. CHASE is a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or other person who, directly or indirectly, holds an account belonging to a consumer, and is therefore a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9), 12 C.F.R. § 205.2 and 12 C.F.R. 1005.2(i).

11. CHASE is a "person" as that term is defined by Cal. Bus. & Prof. Code § 17201.

12. This case involves a transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. As such this case involves an "electronic fund transfer" as that term is defined by 15 U.S.C.A. § 1693a(7) 12 C.F.R. § 205.2, and 12 C.F.R. 1005.3.

## JURISDICTION AND VENUE

13. This action arises out of Defendant's violations of: (i) The Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq*.; and (ii) California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq*.

14. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental law claims.

///

15. The Court has personal jurisdiction over Defendant as Defendant conducts business within the State of California and has purposefully availed themselves of the laws and markets of the State of California and this district.

16. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

17. Plaintiff is a victim of identity theft.

18. At all times relevant, Plaintiff was a customer of Defendant who maintained a checking account with Defendant, (The "Chase Account"). The Chase Account was established primarily for personal, family, or household purposes.

19. On November 15, 2018, an unknown and unauthorized individual debited Plaintiff's Chase Account without using Plaintiff's accepted card or other means of access. Specifically, on November 15, 2018, Plaintiff's checking account was unlawfully debited once in the amount of $181.98 and again in the amount of $1,603.00 for a total of approximately $1,784.98 of unauthorized debits, ("The Unauthorized Debits").

20. The Unauthorized Debits were transfer(s) of funds which were initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account, and are therefore "electronic fund transfers" as defined by 15 U.S.C. § 1693a(7), 12 C.F.R. § 205.3 and 12 C.F.R. 1005.3.

21. Plaintiff never authorized the debits of Plaintiff's account.

22. Plaintiff did not furnish Plaintiff's debit card, code, or any other means of access to another person.

23. At no point relevant was Plaintiff's debit card out of Plaintiff's possession. Plaintiff did not lose his debit card. Plaintiff's debit card was not stolen. No

"accepted card or other means of access," as that term is defined by 15 U.S.C. § 1693a, was used for The Unauthorized Debits.

24. The Unauthorized Debits were electronic fund transfer from Plaintiff's account initiated by a person other than Plaintiff without actual authority to initiate such transfer and from which Plaintiff received no benefit. As such The Unauthorized Debits were "unauthorized electronic fund transfer(s)" as that term is defined by 15 U.S.C. § 1693a(12).

25. The Unauthorized Debits were the result of fraud and identity theft.

26. Plaintiff immediately disputed The Unauthorized Debits with Defendant on the basis of fraud and identity theft. On November 15, 2018, Plaintiff called Defendant and informed them that the debits were unauthorized and demanded that his account be re-credited.

27. Plaintiff's dispute was proper and timely under 15 U.S.C. §§ 1693f(a) and 1693g.

28. On or about December 4, 2018, Defendant completed their investigation and incorrectly determined that The Unauthorized Debits "[did] not require any correction", and that Plaintiff was liable for the entire amount of The Unauthorized Debits.

29. On or about December 13, 2018, more than a week later, Defendant sent Plaintiff a letter stating that Defendant found that the Unauthorized Debits were authorized.

30. Defendant failed to conduct a reasonable investigation into Plaintiff's dispute.

31. Defendant failed to make a good faith investigation of The Unauthorized Debits, and knowingly and willfully concluded that Plaintiff's Chase account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

32. Plaintiff's account was not re-credited for any of the unauthorized debits.

///

33. Under 15 U.S.C. § 1693g, Plaintiff's liability for the unauthorized debits is zero dollars. Given Plaintiff's immediate notice to Defendant of The Unauthorized Debits, Plaintiff is not liable for any amount of The Unauthorized Debits.

34. Even if Plaintiff is liable for *some* amount of The Unauthorized Debits under 15 U.S.C. § 1693g, Defendant has still failed to comply with EFTA by failing to re-credit Plaintiff's account for any amount exceeding $50.00.

35. Nonetheless, Defendant refused, and continues to refuse, to re-credit Plaintiff's account for The Unauthorized Debits.

36. Through the date of this filing, Defendant has failed to re-credit Plaintiff's account for any amount of The Unauthorized Debits.

37. Through this conduct Defendant violated: (i) 15 U.S.C. § 1693f(d) by failing to deliver or mail to the consumer an explanation of its findings within three (3) business days after the conclusion of its investigation; (ii) 15 U.S.C. § 1693f(e) by knowingly and willfully concluding that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation; (iii) 15 U.S.C. § 1693g(e) by holding the Plaintiff liable for the entire amount of the Unauthorized Debits; and (iv) 15 U.S.C. § 1693g(a) by imposing a liability on the Plaintiff for an amount greater than $50.00 for The Unauthorized Debits.

38. On or about January 3, 2019, Plaintiff sent Defendant a written letter disputing The Unauthorized Debits and demanding the money be returned to Plaintiff's account.  Plaintiff's letter even notified Defendant that Plaintiff was at work during the time The Unauthorized Debits occurred, demonstrating that he could not have been involved in the transactions.

39. Under 15 U.S.C. § 1693g, Plaintiff's liability for the unauthorized debits is zero dollars. Given Plaintiff's immediate notice to Defendant of The Unauthorized Debits, Plaintiff is not liable for any amount of The Unauthorized Debits.

///

40. Even if Plaintiff is liable for *some* amount of The Unauthorized Debits under 15 U.S.C. § 1693g, Defendant has still failed to comply with EFTA by failing to re-credit Plaintiff's account for any amount exceeding $50.00.

41. Nonetheless, Defendant refused, and continues to refuse, to re-credit Plaintiff's account for The Unauthorized Debits.

42. Through the date of this filing, Defendant has failed to re-credit Plaintiff's account for any amount of The Unauthorized Debits.

43. Through the date of this filing, Defendant has failed to investigate, or in any way respond to Plaintiff's January 3, 2019 written dispute.

44. Through this conduct Defendant violated: (i) 15 U.S.C. § 1693g(e) by holding the Plaintiff liable for the entire amount of the Unauthorized Debits. Alternatively, through this conduct Defendant violated: (i) 15 U.S.C. § 1693g(a) by imposing a liability on the Plaintiff for an amount greater than $50.00 for The Unauthorized Debits.

45. Through this conduct Defendant also violated: (i) 15 U.S.C.A. § 1693f(a) by failing to investigate the consumer's dispute, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days.

46. Defendant is wrongfully in the possession of money to which Plaintiff is entitled to, as EFTA required Defendant to re-credit Plaintiff's account for The Unauthorized Debits. Because Defendant failed to re-credit Plaintiff's account, Defendant possesses money belonging to Plaintiff in violation of the law, and therefore, by means of "unfair competition."

47. Defendant's conduct is forbidden by federal statutes and regulations. As a result of Defendant's unlawful conduct, Defendant has received ill-gotten gains by means of Plaintiff's money and/or property.

48. The same conduct alleged herein which violates the EFTA constitutes an unfair, unlawful and/or deceptive business practice in violation of Cal. Bus. & Prof.

Code § 17200. Defendant's unlawful acts were committed pursuant to Defendant's normal business practices.

49. Through this conduct Defendant engaged in unfair competition by engaging in an unlawful business act and practice in violation of Cal. Bus. & Prof. Code § 17200.

50. This conduct caused Plaintiff actual damages including but not limited to loss of money and/or property and emotional distress in the form of stress, anxiety, emotional hardship, inability to provide for Plaintiff's family, inability to buy household goods, and inability to buy Christmas gifts.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT ("EFTA") 15 U.S.C. § 1693, ET SEQ.
## [AGAINST CHASE]

51. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the EFTA.

53. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

54. Plaintiff's checking account with Defendant constitutes an "account" as defined by 15 U.S.C. § 1693a(2).

55. Defendant is a "person" as defined by 12 C.F.R. 1005.2(j), and as used throughout EFTA. Defendant is also a "financial institution as defined by 15 U.S.C. § 1693a(9).

56. The unauthorized debits alleged herein were transfer(s) of funds which were initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account, and are therefore "electronic fund transfers" as defined by 15 U.S.C. § 1693a(7).

57. The debits alleged herein: (i) were electronic fund transfers from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer; (ii) were electronic fund transfers from a consumer's account initiated by a person other than the consumer who was not furnished with a card, code, or other means of access to the consumer's account by the consumer; (iii) were not initiated with fraudulent intent by the consumer or any person acting in concert with the consumer; (iv) were not merely errors committed by a financial institution; and (vi) were electronic fund transfers from which the consumer received no benefit. Therefore, the unauthorized debits were "unauthorized" as defined by 15 U.S.C. § 1693a(12).

58. Plaintiff properly and timely notified Defendant of the unauthorized debits pursuant to 15 U.S.C. §§ 1693g and 1693f by calling and sending letters to Defendant stating that the debits were unauthorized.

59. Defendant failed to conduct a reasonable investigation into Plaintiff's disputes of the unauthorized debits.

60. Plaintiff is entitled to a re-credit of the unauthorized debits.

61. Defendant failed to re-credit Plaintiff's account for any amount of the unauthorized debits.

62. Plaintiff brings this cause of action pursuant to 15 U.S.C. § 1693g, 15 U.S.C. § 1693f, and 15 U.S.C. § 1693m.

63. As a result of each and every violation of EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); attorney's fees and costs pursuant to 15 U.S.C. § 1693m(a)(3); a declaration that Plaintiff is not liable to Defendant for any amount in excess of that provided under and pursuant to 15 U.S.C. § 1693g.

64. In addition, as a result of Defendant's knowing and willful violations, Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1693f(e) as Defendant could not have reasonably reached the conclusion that the unauthorized debits

were not in error and that Defendant was not required to return any amount of the unauthorized debits to Plaintiff's account after having been notified that the debits were unauthorized. Such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL") CAL. BUS. & PROF. CODE § 17200, ET SEQ.
## [AGAINST CHASE]

65. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions constitute numerous and multiple violations of the UCL.

67. Plaintiff and Defendant are "person(s)" as defined by Cal. Bus. & Prof. Code § 17201.

68. Plaintiff is entitled to a re-credit of the unauthorized debits from Plaintiff's account pursuant to EFTA. By failing to re-credit Plaintiff's account, Defendant is wrongfully in the possession of money to which Plaintiff is entitled to. Defendant now possesses money belonging to Plaintiff in violation of the law, and therefore, by means of "unfair competition".

69. Defendant's unlawful conduct is forbidden by federal statutes and regulations. As a result of Defendant's unlawful conduct, Defendant has received ill-gotten gains by means of Plaintiff's money and/or property.

70. Defendant Plaintiff has suffered loss of money and/or property by way of Defendant's actions.

71. The same conduct alleged herein which violates the Electronic Fund Transfer Act constitutes an unfair, unlawful, and/or deceptive business practices in violation of Cal. Bus. & Prof. Code § 17200. Defendant's unlawful acts were committed pursuant to Defendant's normal business practices.

72. As a result of each and every violation of the UCL, Plaintiff is entitled to restitution of any money which Defendant acquired by means of unlawful practice pursuant to Cal. Bus. & Prof. Code § 17203; and any declaratory and/or injunctive relief the court deems appropriate pursuant to Cal. Bus. & Prof. Code § 17203.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1693m(a)(1);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1693m(a)(3);
- A declaration that Plaintiff is not liable to Defendant for any amount in excess of that provided under and pursuant to 15 U.S.C. § 1693g;
- As a result of Defendants' knowing and willful violations of 15 U.S.C. § 1693, *et seq.*, an award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- As a result of each and every violation of the UCL, Plaintiff is entitled to restitution of any money which Defendant acquired by means of unlawful practice pursuant to Cal. Bus. & Prof. Code § 17203;
- Any declaratory and/or injunctive relief the court deems appropriate pursuant to Cal. Bus. & Prof. Code § 17203;
- Any and all other relief that this Court deems just and proper.

///
///
///

Dated: February 8, 2019                         Respectfully submitted,

                                          **SINNETT LAW, APC.**

                                          BY: /S/ CRYSTAL T. INNABI
                                          CRYSTAL T. INNABI, ESQ.
                                          ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

73. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 8, 2019                         Respectfully submitted,

                                          **SINNETT LAW, APC.**

                                          BY: /S/ CRYSTAL T. INNABI
                                          CRYSTAL T. INNABI, ESQ.
                                          ATTORNEY FOR PLAINTIFF